IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COUNTRY MUTUAL INSURANCE COMPANY A/S/O KEVIN AND MAUREEN O'CARROLL, ) ) ) ) Plaintiff, ) v. ) ) SUNBEAM PRODUCTS, INC., ) ) Defendant. ) | Case No. 06 C 4887<br><br>Judge Virginia M. Kendall |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Country Mutual Insurance Company ("Country Mutual," or "Plaintiff"), as subrogee of Kevin and Maureen O'Carroll (the "O'Carrolls"), brought this action under Illinois law, seeking reimbursement of funds paid to the O'Carrolls under an insurance policy after an allegedly defective toaster manufactured by Defendant Sunbeam Products, Inc. ("Sunbeam," or "Defendant") caught fire and damaged the O'Carrolls' residence. Sunbeam has moved for summary judgment pursuant to Fed R. Civ. P. 56, arguing that the affirmative defense of "assumption of the risk" completely bars recovery by Plaintiff. Specifically, Defendant contends that the O'Carrolls assumed the risk that their toaster would cause a fire because: (1) Maureen O'Carroll knew that the toaster had a problem "sticking" in the past; and (2) the O'Carrolls continued using the toaster in disregard of this problem. This Court finds that Sunbeam has failed to meet its burden to demonstrate that the O'Carrolls continued to use a toaster they knew to be unreasonably dangerous. Accordingly, Defendant's Motion for Summary Judgment is denied.

1

## STATEMENT OF FACTS

The O'Carrolls purchased a toaster manufactured by Defendant. *See* Def.'s Facts at ¶ 12.[1] Maureen O'Carroll was aware that the toaster had a problem "sticking" in the past but she did not report that problem or attempt to have the toaster repaired. *Id.* at ¶¶ 15, 16. On August 21, 2004, the toaster failed to eject some inserted waffles and caught on fire. *Id.* at ¶ 12. It had last been used by minor children, who were unattended at the time of that use. *Id.* at ¶ 18. At the time of the fire, the toaster had been turned on and was completely unattended. *Id.* at ¶¶ 17, 19. Plaintiff alleges that the toaster had a manufacturing defect that caused the fire and damage to the O'Carrolls' property. *Id.* at ¶¶ 12, 13.

## STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c). In determining whether a genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001). The Court, however, will "limit its analysis of the facts on summary judgment to evidence that is properly identified and supported in the parties' [Local Rule 56.1] statement." *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). Where a proposed statement of fact is supported by the record

---

[1] The facts are presented in Defendant's Statement of Facts ("Def.'s Facts"), which appears at page 3 of the Motion for Summary Judgment. Plaintiff did not file a response to Defendant's Statement of Facts. Accordingly, the facts set forth in Defendant's Statement of Facts are deemed admitted for purposes of deciding Defendant's Motion. *See* Local Rule 56.1(b)(3)(C).

and not adequately rebutted, the Court will accept that statement as true for purposes of summary judgment. An adequate rebuttal requires a citation to specific support in the record; an unsubstantiated denial is not adequate. *See Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001); *Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998) ("Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter[;] rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted."). "Summary judgment should be denied if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Talanda v. KFC Nat'l Mgmt. Co.*, 140 F.3d 1090, 1095 (7th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## DISCUSSION

**I.      Illinois Law Governs the Dispute Between the Parties.**

Defendant asserts – and Plaintiff does not contest – that Illinois law governs this dispute. A federal court, sitting in diversity, applies the choice-of-law principles of the state in which it sits. *See Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). Illinois uses the "most significant relationship" approach of the Restatement (Second) of Conflicts of Law. *Esser v. McIntyre*, 169 Ill.2d 292, 298 (Ill. 1996). In applying this test, the Court weighs four factors: "(1) where the injury occurred; (2) where the injury-causing conduct occurred; (3) the domicile of the parties; and (4) where the relationship of the parties is centered." *Id.* Generally, the law of the place of injury controls unless some other jurisdiction has a more significant relationship with the occurrence and with the parties. *Id.*

In this case, the injury occurred in Illinois. While Defendant is incorporated in Delaware, both the Plaintiff and the O'Carrolls are domiciled in Illinois, which has a strong interest in

3

providing remedies to its injured citizens. *Id.* at 300. Neither of the parties suggests that the law of Delaware might apply in this case, nor can this Court conceive of any strong argument in favor of the application of Delaware law to this dispute. Accordingly, the Court decides the instant Motion for Summary Judgment under Illinois law.

**II.     Sunbeam is Not Entitled to Summary Judgment on the Basis of its Assumption of the Risk Defense.**

"Under applicable Illinois law, '[i]n all actions on account of bodily injury or death or physical damage to property, based on negligence, or product liability based on strict tort liability, the plaintiff shall be barred from recovering damages if the trier of fact finds that the contributory fault on the part of the plaintiff is more than 50% of the proximate cause of the injury or damage for which recovery is sought.'" *Tidemann v. Nadler Golf Cart Sales, Inc.*, 224 F.3d 719, 726 (7th Cir. 2000) (quoting 735 ILCS 5/2-1116; *Freislinger v. Emro Propane Co.*, 99 F.3d 1412, 1417 (7th Cir. 1996)). Section 5/2-1116 was subsequently amended and those amendments were, in turn, invalidated by the Supreme Court of Illinois in *Best v. Taylor Machine Works*, 179 Ill.2d 367 (1997). *Id.* "Section 5/2-1116 makes clear that it does not matter whether a plaintiff's case is based on negligence or 'product liability based on strict tort liability.'" *Id.* Accordingly, if a defendant can prove that the plaintiff's own negligence was more than 50% of the cause of an injury in tort, then no damages are to be awarded. *Id.*

Sunbeam bases its motion for summary judgment upon the affirmative defense of assumption of the risk. "Traditionally, courts have classified the doctrine of assumption of the risk into three categories: (1) express assumption of the risk; (2) primary implied assumption of the risk; and (3) secondary implied assumption of the risk." *Evans v. Lima Lima Flight Team, Inc.*, No. 1-05-3423, 2007 Ill. App. LEXIS 412, *22 (Ill. App. Ct. April 24, 2007) (citing *Hanke v. Wacker*, 217 Ill. App. 3d 151, 158 (Ill App. Ct. 1991). Express assumption of the risk is found

4

where an individual has explicitly agreed, in advance, to relieve another of a legal duty owed to him or her. *Duffy v. Midlothian Country Club*, 135 Ill. App. 3d 429, 433 (Ill. App. Ct. 1985). "A primary implied assumption of the risk exists where the conduct of the parties indicates that an individual has implicitly consented to encounter an inherent and known risk, thereby excusing another from a legal duty which would otherwise exist." *Evans*, 2007 Ill. App. LEXIS 412 at *23 (citing *Russo v. Range, Inc.*, 76 Ill. App. 3d 236, 238 (Ill. App. Ct. 1979)). "Finally, secondary implied assumption of the risk occurs where the defendant's negligence created a danger that was apparent to the injured party, who nevertheless voluntarily chose to encounter it." *Evans*, 2007 Ill. App. LEXIS 412 at *23 (citing *Duffy*, 135 Ill. App. 3d at 433-34)). "As secondary implied assumption of the risk functions in a similar manner as contributory negligence, the introduction of comparative fault abolished this doctrine and it no longer operates as a complete bar in negligence actions." *Evans*, 2007 Ill. App. LEXIS 412 at *23 (citing *Duffy*, 135 Ill. App. 3d at 435)).

Referring generically and interchangeably to "the risk of damages," "the risk of injury," or simply "the risk," Sunbeam contends that the O'Carrolls "assumed the risk" in this case and Plaintiff therefore should be barred from recovery. Sunbeam argues that the O'Carrolls "assumed the risk" because: (1) the O'Carrolls knew their toaster had a problem "sticking;" and (2) with knowledge of the "sticking" problem, the O'Carrolls continued to use the toaster. Sunbeam concludes that because Country Mutual did not rebut Sunbeam's statement of facts and because Country Mutual did not submit any additional facts, the O'Carroll's "could only be deemed to be in excess of 50% [responsible for the fire] and Plaintiff should be barred from recovery and summary judgment should be granted." (Def.'s Reply at ¶ 25).

But establishing that the O'Carrolls used a toaster they knew to be defective in the sense that it had a "sticking" problem does not necessarily mean that the O'Carrolls assumed the risk of a known danger. "In order to 'assume the risk' the plaintiff must have voluntarily and unreasonably used that aspect of the product that was alleged (and proven) to be unreasonably dangerous." *Walsh v. Emergency One, Inc.*, 26 F.3d 1417, 1422 (7th Cir. 1994) (citing *Varilek v. Mitchell*, 200 Ill. App. 3d 649, 661-62 (Ill. App. Ct. 1990) ("Assuming the risk, in the context of product liability law, means voluntarily and unreasonably proceeding to encounter a known danger. The test is subjective, in the sense that what must be considered is the state of mind of the particular plaintiff rather than that of a reasonably prudent person.")). In order to prevail on the defense of assumption of the risk, Sunbeam must therefore demonstrate that the O'Carrolls were aware that the toaster was unreasonably dangerous and continued to use the toaster in spite of the known danger.

Sunbeam has not demonstrated that the O'Carrolls continued to use a toaster they knew to be dangerous. While it is undisputed in this case that Maureen O'Carroll knew her toaster had a "sticking" problem at some unspecified point in the past, Sunbeam has not presented any evidence demonstrating that the O'Carrolls were aware or even suspected that their use of the toaster at the time of the fire presented any danger. Instead, without citing any caselaw in support of the proposition, Sunbeam argues that "[i]t is reasonable to infer that O'Connell [sic] understood and appreciated the risk with no further evidence [beyond knowledge of the "sticking" problem] . . . since there is no fact or affidavit in evidence to indicate she did not appreciate the risk." (Def.'s Reply at ¶ 18).

Whether Sunbeam is correct depends upon what the O'Carrolls knew about the nature of the "sticking" problem. Unfortunately for Sunbeam, there is no evidence whatsoever in the

record as to the nature of that problem or whether the O'Carrolls knew or suspected that it rendered the toaster unreasonably dangerous. Without presenting any evidence tending to establish that the O'Carrolls were aware that the toaster was dangerous, Sunbeam cannot establish that the O'Carrolls assumed any risk and, thus, cannot foreclose the possibility that a reasonable jury could return a verdict in favor of Country Mutual. Accordingly, Sunbeam's Motion for Summary Judgment is denied.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: June 22, 2007